UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SETH HARPER,<br><br>  Plaintiff,<br><br> v.<br><br>DAVID ROBINSON, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01364-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED AND THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF Nos. 1, 3, 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Jonathan Seth Harper ("Plaintiff") is a pretrial detainee[1] proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 13, 2021. (ECF No. 1).

Plaintiff also filed a motion requesting a temporary restraining order and injunction concurrently with his complaint. (ECF No. 3.) The Court entered an order on September 15, 2021, requesting that the Kings County Sheriff's Office respond to Plaintiff's motion. (ECF No. 6.) On October 6, 2021, the Kings County Sheriff's Office filed an opposition to the

---

[1] Plaintiff does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court screened Plaintiff's complaint with the assumption that Plaintiff is a pretrial detainee

1

1  motion. (ECF No. 8.) Plaintiff filed a reply on October 21, 2021. (ECF No. 9.)[2]

2  On November 17, 2021, the Court screened the complaint and found that it failed to state any cognizable claims. (ECF No. 10.) The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state any cognizable claims, and gave Plaintiff leave to file a First Amended Complaint. (*Id.*.) The Court also gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge recommending dismissal of the action consistent with the screening order. (*Id.* at 18.)

On December 9, 2021, Plaintiff filed a notice stating that he wants to stand on his complaint. (ECF No. 13.)

For the reasons set forth below, the Court recommends that this action be dismissed for failure to state a claim and that Plaintiff's motion for injunctive relief be denied.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. FAILURE TO STATE A CLAIM

### A. Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] On November 22, 2021, Plaintiff also filed a document titled "[proposed] TRO/preliminary injunction" which appears to request slightly different relief than the motion. (ECF No. 12.)

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**B.     Summary of Plaintiff's Complaint**

Plaintiff's complaint is 160 pages long, including 66 pages of handwritten allegations. Plaintiff names 47 defendants, including Kings County Sheriff David Robinson, Kings County Assistant Sheriff David Putnam, numerous deputy sheriffs and mailroom staff members, the Kings County Board of Supervisors and its members, and several Doe defendants.

The complaint lists eleven separate claims. Plaintiff describes his claims as violations of the First Amendment right to access the courts, Sixth Amendment right to prepare and present a defense, First and Sixth Amendment rights to mail, Sixth Amendment "breach of confidentiality," Fourteenth Amendment equal protection, Fourteenth Amendment due process, Fourteenth Amendment procedural due process, First Amendment retaliation, and "conspiracy to deprive rights."

The allegations supporting each of these claims are frequently confusing, unclear, and redundant. The complaint is a long narrative describing several events from July 2021 to present, and various events frequently appear to be jumbled together. The complaint is also

interspersed with lengthy arguments and legal conclusions. Additionally, Plaintiff does not say who did what and instead commonly groups all defendants together.

For example, in support of his first claim for First Amendment access to the courts, Plaintiff alleges:

> Court cases are obstructed, delayed, interrupted, interfered with, and negatively effected and are done so for deliberate disregard, deliberate deprivation, and malicious oppression, and intentional, calculated sandbagging, as well as reckless and despicable disregard to plaintiff and his constitutional right to access the courts meaningfully, out of contempt, spite, and malignant animosity, and for which will be shown in this claim as well as throughout the entire complaint.
>
> . . .
>
> 2) All defendants have knowledge or should have knowledge by common sense, proper training, and experience, that they are participating and acquiescing in unconstitutional conduct, actions, inactions, and behavior in violating plaintiff's constitutional right of access to the courts
>
> 3) All defendants have failed and refused to report such unlawful conduct and policy, and of which is patently illegitimate, to an appropriate authority[.]

Plaintiff then proceeds to describe a July 7, 2021 search of his cell when his legal papers and materials were confiscated as contraband. Plaintiff then returns to describing the effects of the legal mail policy at the Kings County Jail, before turning to a July 21, 2021 event in which mailroom staff would not let Plaintiff write "[LOCAL MAIL]" on the envelope in large script and insisted he use small script. Plaintiff then returns to the legal mail policy again, alleging:

> 23) Such [legal mail] policy was suddenly and decisively implemented with no notice and served illegitimate interest, was and is also despicable and borne in part from malignant animosity and is a demonstration of abuse of power, oppression, outrageous government misconduct, and misfeasance.
>
> 24) All defendants have, in their duties and by their positions in the chain-of-command, failed and have refused to perform their duties lawfully and constitutionally, and, for which Plaintiff's constitutional right of Access to the Courts is a clearly established constitutional right, and have instead knowingly and willfully failed and refused to perform such duty and operated outside the bounds of law by way of their actions, inactions, conduct, acquiescence,

4

authorization, and participation in such deliberate deprivation of rights, individually and in concert.

Plaintiff then includes allegations regarding the confiscation of his pen as contraband and mailroom staff opening his mail, stating:

> 25) Plaintiff is forced to use pen fillers to write with, due to the insidious jail policy that justifies the blanket ban on real pens by way of jail administrations purported concerns of pens being made into weapons, despite the fact that it is well-known there are much more reliable deadly weapons that can be made with other commonly possessed materials by inmates.
>
> 26) It is beyond reasonable and legitimate dispute that jail authorities and jail administration were well aware of the fact that plaintiff did in fact possess a real pen for on or about a year, and that plaintiff normally possessed a cache of 9x12 and 10x14 manilla envelopes presorted, and provided by mailroom staff, as well as put two envelopes over my cell light due to my well-known sensitivity to bright light which the jail administration and most other jail defendants have known about for over an entire decade, in fact since 2007 and in which it was explained to jail personnel the medical issues that bright light exacerbates—tension headache and photophobia.
>
> . . .
>
> 38) By all defendants, including floor deputies, senior deputies, and sergeants, performing their duties as they did in holding knowledge of the abrupt switch of policy, and by holding knowledge of plaintiff's lawsuit against the sheriff office/county, and by holding knowledge of the clearly unconstitutional retaliatory, illegitimate, and arbitrary actions and malice toward Plaintiff and with the knowledge that plaintiff has, is, and continues to represent himself in a criminal action, and their knowledge of general unconstitutional and unlawful actions, customs, practices, and policies of the jail, such as, the fact that all incoming legal mail is marked as either 'opened,' 'taped,' or 'torn,' in any combination or individually; such as, the practice and custom of selective enforcement of jail rules for arbitrary and illegitimate reasons such as retaliation; and, the discrimination and punishment issued toward indigent inmates in which jail defendants' personal prejudices, political viewpoints, and self-determinations of the law drive said defendants acquiescence encouragement, authorization, and allowance and participation of acts of discrimination and malice to indigent inmates, including plaintiff, and, such as all defendants long-standing, institutionalized, deep-set, and institution-wide, intractable performance of job duties but with belief and actions and conduct illustrating a disregard for the U.S. constitution and that they can and are actually entitled to act outside bounds of the law as they see fit, and, that any clearly unconstitutional conduct they engage in is not unconstitutional for the simple fact that they are deputies, officials, personnel, and entities which are to their views, entrusted by the public to do whatever they believe is necessary with a perception of immunity to violation of the U.S. Constitution.

The remaining ten claims are supported by similarly vague and lengthy allegations. Additionally, each subsequent claim incorporates the preceding allegations by reference.

.

**C.     Analysis of Plaintiff's Complaint**

1.     <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*));* see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

2.  Pleading Standards

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974). In addition, "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1).

Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Complaints that repeatedly incorporate all preceding paragraphs by reference—sometimes called shotgun pleadings—have been found to violate Rule 8. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("It is true that Paragraph 144 incorporates by reference Paragraphs 1 to 143. However, incorporating literally all 143 preceding paragraphs, without specific reference to either disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual bases of the IIPEA claim." (citing *Weiland*, 792 F.3d at 1321-23)); *Caruso v. Hill*, 2020 WL 4018141, at *11 (E.D. Cal. July 15, 2020) ("[W]hile an amended complaint may incorporate by reference any prior paragraphs that are necessary to pleading a plausible cause of action, the amended complaint may not use the improper expedient of simply incorporating by reference all prior paragraphs, be they supportive or relevant to the cause of action or not, since such a practice does not provide adequate notice for purposes of Rule 8.").

///

///

3. Discussion

Plaintiff's complaint is 160 pages long, including 66 pages of handwritten allegations, and names 47 defendants. It is not a short and plain statement of Plaintiff's claims. The complaint is a long narrative consisting of opaque factual allegations interspersed with numerous arguments and legal conclusions. Several of the allegations and arguments are repetitive, the text is difficult to follow, and it is often unclear who did what.

The complaint also repeatedly fails to connect the factual allegations to the claims Plaintiff is attempting to bring. As a result, the Court cannot sufficiently determine what claims or being asserted based on what facts. At several points, the facts underlying Plaintiff's claims are not clear. Plaintiff frequently fails to include factual allegations as to each defendant's conduct, and many of the factual allegations he does include are conclusory.

Plaintiff also repeatedly fails to allege which defendants violated his constitutional rights. On multiple occasions, he states "defendants" were responsible for certain actions. These failures are impermissible under Rule 8(a). *See, e.g., Pinzon v. Jensen*, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim."); *Saunders v. Saunders*, 2009 WL 382922, at *2 (E.D. Cal., Feb. 13, 2009) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

Additionally, Plaintiff repeatedly improperly incorporates by reference all preceding paragraphs, or entire claims. This tactic independently violates Rule 8. *See Deerpoint Grp., Inc.*, 345 F. Supp. 3d at 1234 n.15 ("It is true that Paragraph 144 incorporates by reference Paragraphs 1 to 143. However, incorporating literally all 143 preceding paragraphs, without specific reference to either disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual bases of the IIPEA claim.") (citing *Weiland*, 792 F.3d at 1321-23).

Plaintiff's complaint does not give fair notice to the defendants to enable them to defend themselves effectively. It is verbose, confusing, conclusory, argumentative, prolix, replete with redundancy, and largely irrelevant. Accordingly, Plaintiff's complaint fails to comply with Rule 8(a) and the complaint therefore fails to state a claim.

In its screening order, the Court set forth the legal standards for complaints and explained the need for a short and plain statement of Plaintiff's claims showing that he is entitled to relief.  The Court gave Plaintiff leave to amend his complaint consistent with these standards.  The Court also provided legal standards that could be relevant to Plaintiff's allegations, such as the legal standards for a constitutional claim based on lack of access to the courts.  However, Plaintiff notified the Court that he did not wish to file an amended complaint and chose instead to stand on his original complaint.  (ECF No. 13).

**II.     MOTION FOR PRELIMINARY INJUNCTION**

**A.     Background**

1.     Plaintiff's Motion

Plaintiff's motion for a temporary restraining order and injunction, which was filed concurrently with the complaint, requests the following relief:

1) To issue a temporary Restraining Order to compel jail officials to reverse new legal mail policy started on 7-7-21 [Exh. A]
2) To compel Jail authorities to return all legal papers removed from Plaintiff's cell on 7-7-21 and to delete thoroughly and shred all copies in all formats
3) To compel jail authorities to process and mail out 'legal mail' without unnecessary delay
4) To compel jail authorities to process copy requests and other pro per related requests without unnecessary delay
5) To compel Due process hearings and jail-initiated Notifications to the Judges assigned to Plaintiff's cases before suspension/restriction of Plaintiff's pro per rights and privileges at any level and regardless if such reduction in Plaintiff's pro per rights and privileges are a result of jail-wide policy change or if it only applies to Plaintiff
6) To compel compliance with the U.S. Constitution, particularly the current violations as shown in claims one through eleven of the Complaint
7) To compel all further obstructive conduct toward plaintiff and between Plaintiff and the Courts and Parties to a case cease immediately
8) To compel all further retaliation and harassment to Plaintiff to cease immediately
9) To compel all illegitimate, irrational, arbitrary acts and conduct toward Plaintiff
10) To compel jail authorities to modify policy, practices, and customs to prohibit any and all policy, practices, and customs from pawning off the responsibilities of jail authorities onto judges

10

(ECF No. 3 at 2-3.) Plaintiff contends that the defendants are violating several of his constitutional rights. (*Id.* at 3-4.)

According to the motion, Plaintiff is likely to succeed on the merits and has submitted a declaration as evidentiary support for his claims. (ECF No. 3 at 7-9.) Plaintiff's declaration generally restates the legal standards and conclusions set forth in the motion. (*Id.* at 16-19.) Plaintiff also submits a "Request to take Judicial Notice" listing several documents, including the Kings County Jail's policies, memoranda, and other internal documents, documents related to Plaintiff's grievance, and case summaries for various state and federal cases. (*Id.* at 20-21.) Plaintiff does not attach copies of these documents to his request or to the motion.

Plaintiff also argues that he is likely to suffer irreparable harm because his constitutional rights have been deprived. (ECF No. 3. at 10-11.) Plaintiff is exercising his Sixth Amendment right to self-representation in his felony criminal case, as well as in civil litigation regarding his conditions of confinement, and other cases. (*Id.*) Plaintiff is therefore extraordinarily dependent on the government and in an easily exploited position of disadvantage and vulnerability to a wide range of abuses. The balance of equities also favors Plaintiff because he is a pretrial detainee and therefore particularly vulnerable to government oppression. (*Id.* at 11.)  Defendants are not likely to suffer any monetary damage if the requested injunctive relief is granted because no legitimate monetary issues exist in this case. (*Id.* at 12-13.) Plaintiff has an inadequate remedy at law because the defendants flagrantly and deliberately violate Plaintiff's constitutional rights and the rights of others. (*Id.* at 13.)

The Kings County Sheriff's Office's Opposition

On October 6, 2021, the Kings County Sheriff's Office, through Sheriff David Robinson, submitted an opposition to Plaintiff's motion for injunctive relief. (ECF No. 8.) The opposition explains that the defendants have a policy regarding legal supplies for *pro se* inmates in criminal and civil proceedings which provides a waiver of costs for certain supplies, such as copies, writing materials, envelopes, etc., for indigent *pro se* inmates. (*Id.* at 1.) Defendants also have a policy for inmates who abuse or misuse their *pro se* status, supplies, or services, which allows the jail to restrict an inmate's access to supplies as necessary to ensure

the safety and security of the facility. (*Id.*)

Plaintiff was issued an inmate administrative and disciplinary action on July 7, 2021, due to Plaintiff's misuse and abuse of his *pro se* status, supplies, or services. (ECF No. 8 at 2.) Specifically, Plaintiff hoarded over 20 manila envelopes intended to be used for legal mail and used them to cover the lights in his cell, thereby obstructing the staff's view in Plaintiff's cell. (*Id.*) Plaintiff also used the manila envelopes to cover contraband. (*Id.*)

Defendants implemented new regulations and procedures for the request of legal envelopes on July 9, 2021. (ECF No. 8 at 2.) Under this new policy, Plaintiff is required to request envelopes for legal mail once his documents are prepared and finalized for mailing. (*Id.*) Jail staff will then bring only the appropriate amount of envelopes, have Plaintiff place his prepared documents inside, and mail the envelopes out. (*Id.*)

According to the opposition, Plaintiff lacks standing because he has not provided evidence of any real or immediate threat that he will be harmed by the legal mail policy, or that enjoining the enforcement of the legal mail policy will redress Plaintiff's injury. (ECF No. 8 at 4.) Plaintiff also has failed to demonstrate that any of the *Winter* factors weigh in his favor. (*Id.* at 4.) Additionally, Plaintiff is unlikely to succeed on the merits of his claims. (*Id.* at 5-7.) The legal mail policy is rationally related to Defendants' need for security and safety of inmates and the jail staff, as well as its limited resources. (*Id.* at 5.) The legal sized envelopes can be used to hide contraband, as Plaintiff was found to be doing, creating a security risk. (*Id.* at 6.) Plaintiff also fails to demonstrate irreparable harm because the jail's policy still provides Plaintiff with legal envelopes upon request. (*Id.* at 9.) The balance of equities likewise favors preserving the internal security of jail staff and inmates. (*Id.*) The public interest factor favors denial because the policy does not infringe on pretrial detainees' constitutional rights. (*Id.* at 10.)

Plaintiff's Reply

Plaintiff filed a reply in support of the motion on October 21, 2021. (ECF No. 9.) Plaintiff contends that the disciplinary action against him was not legitimate, neutral, rational, or reasonable. (*Id.* at 2.) The envelopes did not obstruct visualization into Plaintiff's cell, and light coverings are routine and tolerated in practice at the jail. (*Id.*) The argument that the

envelopes covered contraband is absurd and ridiculous. (*Id.*)

Plaintiff's arguments in the reply are often conclusory and unclear. For example, as to Sheriff Robinson's arguments that the legal mail policy is rationally related to legitimate safety and resource interests, Plaintiff states:

> To summarize, the stated rational basis of defendant is overtly pretextual, the plaintiff sustained injury for conduct by defendant for which no rational basis exists, for which there is no rational relation to any legitimate government goal because of the punitive and retaliatory nature of defendants conduct, and in which such conduct and actions were irrational, illegitimate, obviously arbitrary, and, completely retaliatory and malicious, targeted specifically and particularly toward plaintiff to punish, harass, frustrate and delay litigation, sabotage plaintiff's cases, aggravate and anger, and so forth as alleged in the 'Injury' portions of the Complaint for Claim 1 and connected claims.

(ECF No. 9 at 4.) The remainder of the reply is similarly difficult to decipher, but generally disputes the contentions in the opposition. (*See id.* at 5-10.)

On November 22, 2021, Plaintiff filed a document titled "[proposed] TRO/preliminary Injunction" which includes slightly different relief than he requested in the motion. (ECF No. 12.) This document orders Sheriff Robinson and his "assistants, officers, agents, deputies, staff, personnel, employees, and other persons acting in concert or participation with him" to:

> (1) not obstruct, stall, delay, or deny plaintiff's incoming and outgoing confidential legal mail and to ensure all such mail is processed within 24 hours, from time of plaintiff's request to send confidential mail and from time incoming confidential mail is received by the mail room for the plaintiff, with time period suspended for weekends and federally recognized holidays
> (2) to not obstruct, stall, delay, or deny plaintiff's requested copies and court forms when it is unnecessary to do so
> (3) to allow and provide for plaintiff to address requested legal envelopes in his own handwriting
> (4) to return all legal papers taken from plaintiff's cell on July 7, 2021, and to immediately destroy any and all copies whether physical or electronic
> (5) to not mark every piece of incoming confidential mail as 'opened,' 'taped,' or 'torn,' individuals or in any combination, unless such description is factual.
> (6) to not harbor knowledge of intentional or serious maltreatment of plaintiff or to strive to be 'deliberately ignorant' of any maltreatment of plaintiff
> (7) to not command, order, direct, or request actions, inactions, or conduct of illicit nature; whether explicit, implicit, or insinuated, toward plaintiff
> (8) for due process to be provided for in the form of a Wilson hearing and notification to the judges of plaintiff's cases, before restrictions, reductions, or suspensions of pro per rights and privileges
> (9) to not cloak unconstitutional conduct by end-runs and other deceptions

     (10)    to not retaliate in any manner against plaintiff
     (11)    to not selectively enforce jail rules to justify or legitimize arbitrary, irrational, prejudiced and biased, and otherwise illegitimate conduct, actions, inactions, and behavior, by hiding such illicit conduct, actions, inactions, and behaviors under an umbrella of assertedly legitimate, but actually illegitimate, presentation of affairs on the record
     (12)    to not permit for insubstantial costs arising from Plaintiff's criminal defense activities to obstruct, interfere with, block, delay, interrupt, undermine, or frustrate such activities

(ECF No. 12 at 2-12.) The proposed order also directs Kings County Administrative Officer Rebecca Campbell and the Kings County Board of Supervisors, as well as their "assistants, staff, personnel, employees, officers, and other persons in concert or participation with them" to:

     (1) rescind, cancel, and nullify all explicit, implicit, or insinuated directives, commands, orders, instructions, or requests to the Kings County Sheriff and his assistants, officers, deputies, agents, staff, employees, personnel, and other persons acting in concert or participation with him, to retaliate against Plaintiff and obstruct, impair, interfere with, frustrate, and stall against Plaintiff's legal activities.
     (2) to conduct a proper and unbiased forensic audit and interpretation of the Kings County Sheriff's Office budget for the jail, and to forensically assess such budget and sub-budgetary accounts, funds, pools, items, and reserves held under the Sheriff's control, to evaluate and review the status and history and projection of such financial budgetary areas to ensure future ability to account for constitutionally necessary finances to support detained individuals' necessary expenses in pursuit of criminal and civil legal activities
     (3) to not hold investigatory activity designed, planned, prepared, and activated to unlawfully jeopardize, interpose into, undercut, undermine, interfere with, interrupt, obstruct, block, delay, or deny plaintiff's legal activities

(*Id.* at 4.)

### B.    Legal Standards

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d

719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

**C.    Analysis**

The Court will recommend that Plaintiff's motion be denied.

First, the Court cannot order an injunction until after the party at whom the injunction is directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Because no defendant has been served yet, the Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of

serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See Nike, Inc.*, 379 F.3d at 580. As described above, the complaint fails to comply with Federal Rule of Civil Procedure 8 and therefore fails to state a claim. Moreover, Plaintiff's declaration in support of the motion is conclusory and merely restates the arguments in the motion. Plaintiff also submits a request for judicial notice but has not submitted any of the documents listed in the request. Many of the documents appear to be jail policies, memoranda, and other internal documents that are not part of the public record. Plaintiff has not explained why taking judicial notice of any of these documents is appropriate. *See* Fed. R. Evid. 201(c)(2) (providing that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information").  Additionally, Plaintiff's institution of confinement has presented evidence that Plaintiff has the ability to send legal mail and that the current limitations on Plaintiff's access to legal materials are based on legitimate concerns regarding safety and security of the institution.

Third, Plaintiff has not shown that his request "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A).  Much of the relief Plaintiff requests in his motion is extremely broad and vague, and it is not clear how, if at all, it is related to the allegations in the complaint. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Fourth, Plaintiff has not established that he would suffer irreparable harm without preliminary relief. Although Plaintiff concludes that his Sixth Amendment rights will be harmed without relief and the injunction will "absolutely redress injury to plaintiff," these arguments are conclusory and speculative. (*See* ECF Nos. 3, 9.) *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents . . . fail to show

that plaintiff . . . faces imminent harm.").

Therefore, the Court will recommend that the motion be denied.

### III. CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file a First Amended Complaint, but Plaintiff chose to stand on his complaint.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim;
2. Plaintiff's motion for injunctive relief (ECF Nos. 3, 12) be denied; and
3. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.
IT IS SO ORDERED.

Dated:  **December 27, 2021**              /s/ Erica P. Grosjean
                                                                 UNITED STATES MAGISTRATE JUDGE