UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SETH HARPER,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID ROBINSON, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01364-JLT-EPG (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS ENTERED ON DECEMBER 28, 2021, AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 15, 17) |

Plaintiff Jonathan Seth Harper ("Plaintiff") is a pretrial detainee[1] proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on September 13, 2021. (ECF No. 1). Plaintiff also filed a motion requesting a temporary restraining order and injunction concurrently with his complaint. (ECF No. 3.)[2]

On November 17, 2021, the Court screened the complaint and found that it failed to state any cognizable claims as it failed to comply with Federal Rule of Civil Procedure 8. (ECF No. 10.) The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's

---

[1] Plaintiff does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court screened Plaintiff's complaint with the assumption that Plaintiff is a pretrial detainee.

[2] The Court entered an order on September 15, 2021, requesting that the Kings County Sheriff's Office respond to Plaintiff's motion. (ECF No. 6.) On October 6, 2021, the Kings County Sheriff's Office filed an opposition to the motion. (ECF No. 8.) Plaintiff filed a reply on October 21, 2021. (ECF No. 9.)

complaint failed to state any cognizable claims, and gave Plaintiff thirty days to either "a. File a First Amended Complaint **that is no longer than twenty-five (25) pages, including exhibits**; or b. Notify the Court in writing that he wants to stand on his complaint." (*Id*. at 18-19.) On December 9, 2021, Plaintiff filed a notice stating that he wants to stand on his complaint. (ECF No. 13.)

On December 28, 2021, the Court entered findings and recommendations recommending that this action be dismissed for failure to state a claim and that Plaintiff's motion for injunctive relief be denied. (ECF No. 15.) Plaintiff was provided an opportunity to file objections to the findings and recommendations. (*Id.*)

On January 21, 2021, Plaintiff filed his objections to the Court's findings and recommendations. (ECF No. 17.) Plaintiff's objections state, in relevant part:

> On Page 2, lines 2-8 of the 'Findings and Recommendations, Recommending that this action be dismissed and that plaintiff's motion for injunctive relief to be denied,' it states that the Court…'gave Plaintiff leave to file a First Amended Complaint.' A modified prisoner civil rights complaint form was in the same envelope as the Findings and Recommendations papers, and the new complaint form states that there is a 25-page limit in total that cannot be exceeded. This differs from the 'strongly recommended' 25-page limit stated on the regular 'civil rights complaint by a prisoner' form.
>
> Petitioner does not believe that the different theories of municipal liability and number of claims and defendants can be crammed into 25 total pages. It is not clearly understood if the Court is implicitly ordering, recommending, or hinting, for the provided complaint form to be used. If the provided form is mandatory at this point, then it will necessarily result in severe changes as to what plaintiff can reasonably plead, such as the number of theories – if any – of municipal liability and the number of claims and defendants as well as the framing of the complaint.
>
> Plaintiff will be dropping all exhibits and request for Judicial notice, reducing number of defendants to the single digits, reducing from 11 to 8 claims, and will eliminate legal conclusions and surplusage, organize better, eliminate shotgun incorporation pleading, and overall be more concise and understandable.
>
> It is understood that there is unnecessary surplusage in the submitted complaint. However, also to Plaintiff's view of the Complaint it is recognizable that there are claims stated in the Complaint for most claims as alleged, and that the averments for the valid claims are sufficient to put the defendants on notice and to allow for reasonable defenses of the allegations.

(ECF No. 17 at 1-2.)

The Court construes Plaintiff's objections as requesting leave to file a First Amended Complaint. As Plaintiff has not submitted his proposed First Amended Complaint, the Court

cannot determine at this time whether an amended complaint would state any legal claims. The Court will therefore grant Plaintiff leave to file an amended complaint. The Court is not vacating the findings and recommendations entered on December 28, 2021 at this time. If Plaintiff files an amended complaint, the Court may vacate the pending findings and recommendations if appropriate.

The Court will further direct the Clerk of Court to provide Plaintiff with a section 1983 civil rights complaint form. The complaint form is designed to assist Plaintiff in organizing his claims, but use of the form is not required. Regardless of whether Plaintiff elects to use the complaint form, **Plaintiff's amended complaint must be no longer than twenty-five (25) pages, including exhibits. Compliance with the page limit is mandatory and failure to do so may result in dismissal of this action for failure to comply with a court order.**

If Plaintiff chooses to file an amended complaint, he should describe what each specific defendant did to violate his rights. If he does not know the name of a defendant, he can call them "John Doe" or "Jane Doe" and describe them to the best of his ability. In drafting his amended complaint, Plaintiff should refer to the legal standards provided in the Court's November 17, 2021 screening order and December 28, 2021 findings and recommendations. (ECF Nos. 10, 15.)

If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff does not include facts in his amended complaint, they will not be considered in determining if Plaintiff's amended complaint states any claims.

The amended complaint should also be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of

3

perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a civil rights complaint (prisoner complaint form);
2. Within thirty (30) days from the date of service of this order, Plaintiff may file a First Amended Complaint **that is no longer than twenty-five (25) pages, including exhibits**. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:21-cv-01364-JLT-EPG; and
3. If Plaintiff fails to file an amended complaint in that time that complies with these limitations, the District Judge will rule on the pending Findings and Recommendations to dismiss this case.

IT IS SO ORDERED.

Dated: **January 24, 2022**          /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE