UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SETH HARPER,<br><br>            Plaintiff,<br><br> v.<br><br>DAVID ROBINSON, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01364-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF Nos. 3, 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Johnathan Seth Harper ("Plaintiff") is a pretrial detainee[1] proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. (ECF Nos. 3, 12.) For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**I.     BACKGROUND**

Plaintiff filed the complaint commencing this action on September 13, 2021. (ECF No. 1). Plaintiff also filed a motion requesting a temporary restraining order and injunction concurrently with his complaint. (ECF No. 3.) The Court entered an order on September 15, 2021, requesting that the Kings County Sheriff's Office respond to Plaintiff's motion. (ECF

---

[1] Plaintiff does not state if he is a pretrial detainee or sentenced prisoner. Given that Plaintiff is incarcerated at Kings County Jail, the Court screened Plaintiff's complaint with the assumption that Plaintiff is a pretrial detainee.

No. 6.) On October 6, 2021, the Kings County Sheriff's Office filed an opposition to the motion. (ECF No. 8.) Plaintiff filed a reply on October 21, 2021. (ECF No. 9.)[2]

**Plaintiff's Motion**

Plaintiff's motion requests the following relief:

1) To issue a temporary Restraining Order to compel jail officials to reverse new legal mail policy started on 7-7-21 [Exh. A]
2) To compel Jail authorities to return all legal papers removed from Plaintiff's cell on 7-7-21 and to delete thoroughly and shred all copies in all formats
3) To compel jail authorities to process and mail out 'legal mail' without unnecessary delay
4) To compel jail authorities to process copy requests and other pro per related requests without unnecessary delay
5) To compel Due process hearings and jail-initiated Notifications to the Judges assigned to Plaintiff's cases before suspension/restriction of Plaintiff's pro per rights and privileges at any level and regardless if such reduction in Plaintiff's pro per rights and privileges are a result of jail-wide policy change or if it only applies to Plaintiff
6) To compel compliance with the U.S. Constitution, particularly the current violations as shown in claims one through eleven of the Complaint
7) To compel all further obstructive conduct toward plaintiff and between Plaintiff and the Courts and Parties to a case cease immediately
8) To compel all further retaliation and harassment to Plaintiff to cease immediately
9) To compel all illegitimate, irrational, arbitrary acts and conduct toward Plaintiff
10) To compel jail authorities to modify policy, practices, and customs to prohibit any and all policy, practices, and customs from pawning off the responsibilities of jail authorities onto judges

(ECF No. 3 at 2-3.) Plaintiff contends that the defendants are violating several of his constitutional rights. (*Id.* at 3-4.)

According to the motion, Plaintiff is likely to succeed on the merits and has submitted a declaration as evidentiary support for his claims. (ECF No. 3 at 7-9.) Plaintiff's declaration generally restates the legal standards and conclusions set forth in the motion. (*Id.* at 16-19.) Plaintiff also submits a "Request to take Judicial Notice" listing several documents, including the Kings County Jail's policies, memoranda, and other internal documents, documents related to Plaintiff's grievance, and case summaries for various state and federal cases. (*Id.* at 20-21.) Plaintiff does not attach copies of these documents to his request or to the motion.

///

---

[2] On November 22, 2021, Plaintiff also filed a document titled "[proposed] TRO/preliminary injunction" which appears to request slightly different relief than the motion. (ECF No. 12.)

Plaintiff also argues that he is likely to suffer irreparable harm because his constitutional rights have been deprived. (ECF No. 3. at 10-11.) Plaintiff is exercising his Sixth Amendment right to self-representation in his felony criminal case, as well as in civil litigation regarding his conditions of confinement, and other cases. (*Id.*) Plaintiff is therefore extraordinarily dependent on the government and in an easily exploited position of disadvantage and vulnerability to a wide range of abuses. The balance of equities also favors Plaintiff because he is a pretrial detainee and therefore particularly vulnerable to government oppression. (*Id.* at 11.) Defendants are not likely to suffer any monetary damage if the requested injunctive relief is granted because no legitimate monetary issues exist in this case. (*Id.* at 12-13.) Plaintiff has an inadequate remedy at law because the defendants flagrantly and deliberately violate Plaintiff's constitutional rights and the rights of others. (*Id.* at 13.)

**The Kings County Sheriff's Office's Opposition**

On October 6, 2021, the Kings County Sheriff's Office, through Sheriff David Robinson, submitted an opposition to Plaintiff's motion for injunctive relief. (ECF No. 8.) The opposition explains that the defendants have a policy regarding legal supplies for *pro se* inmates in criminal and civil proceedings which provides a waiver of costs for certain supplies, such as copies, writing materials, envelopes, etc., for indigent *pro se* inmates. (*Id.* at 1.) Defendants also have a policy for inmates who abuse or misuse their *pro se* status, supplies, or services, which allows the jail to restrict an inmate's access to supplies as necessary to ensure the safety and security of the facility. (*Id.*)

Plaintiff was issued an inmate administrative and disciplinary action on July 7, 2021, due to Plaintiff's misuse and abuse of his *pro se* status, supplies, or services. (ECF No. 8 at 2.) Specifically, Plaintiff hoarded over 20 manila envelopes intended to be used for legal mail and used them to cover the lights in his cell, thereby obstructing the staff's view in Plaintiff's cell. (*Id.*) Plaintiff also used the manila envelopes to cover contraband. (*Id.*)

Defendants implemented new regulations and procedures for the request of legal envelopes on July 9, 2021. (ECF No. 8 at 2.) Under this new policy, Plaintiff is required to request envelopes for legal mail once his documents are prepared and finalized for mailing.

(*Id.*) Jail staff will then bring only the appropriate amount of envelopes, have Plaintiff place his prepared documents inside, and mail the envelopes out. (*Id.*)

According to the opposition, Plaintiff lacks standing because he has not provided evidence of any real or immediate threat that he will be harmed by the legal mail policy, or that enjoining the enforcement of the legal mail policy will redress Plaintiff's injury. (ECF No. 8 at 4.) Plaintiff also has failed to demonstrate that any of the *Winter* factors weigh in his favor. (*Id.* at 4.) Additionally, Plaintiff is unlikely to succeed on the merits of his claims. (*Id.* at 5-7.) The legal mail policy is rationally related to Defendants' need for security and safety of inmates and the jail staff, as well as its limited resources. (*Id.* at 5.) The legal sized envelopes can be used to hide contraband, as Plaintiff was found to be doing, creating a security risk. (*Id.* at 6.) Plaintiff also fails to demonstrate irreparable harm because the jail's policy still provides Plaintiff with legal envelopes upon request. (*Id.* at 9.) The balance of equities likewise favors preserving the internal security of jail staff and inmates. (*Id.*) The public interest factor favors denial because the policy does not infringe on pretrial detainees' constitutional rights. (*Id.* at 10.)

**Plaintiff's Reply**

Plaintiff filed a reply in support of the motion on October 21, 2021. (ECF No. 9.) Plaintiff contends that the disciplinary action against him was not legitimate, neutral, rational, or reasonable. (*Id.* at 2.) The envelopes did not obstruct visualization into Plaintiff's cell, and light coverings are routine and tolerated in practice at the jail. (*Id.*) The argument that the envelopes covered contraband is absurd and ridiculous. (*Id.*)

Plaintiff's arguments in the reply are often conclusory and unclear. For example, as to Sheriff Robinson's arguments that the legal mail policy is rationally related to legitimate safety and resource interests, Plaintiff states:

> To summarize, the stated rational basis of defendant is overtly pretextual, the plaintiff sustained injury for conduct by defendant for which no rational basis exists, for which there is no rational relation to any legitimate government goal because of the punitive and retaliatory nature of defendants conduct, and in which such conduct and actions were irrational, illegitimate, obviously arbitrary, and, completely retaliatory and malicious, targeted specifically and particularly toward plaintiff to punish, harass, frustrate and delay litigation, sabotage plaintiff's cases, aggravate and anger, and so forth as alleged in the 'Injury' portions of the Complaint for Claim 1 and connected claims.

4

(ECF No. 9 at 4.) The remainder of the reply is similarly difficult to decipher, but generally disputes the contentions in the opposition. (*See id.* at 5-10.)

On November 22, 2021, Plaintiff filed a document titled "[proposed] TRO/preliminary Injunction" which includes slightly different relief than he requested in the motion. (ECF No. 12.) This document orders Sheriff Robinson and his "assistants, officers, agents, deputies, staff, personnel, employees, and other persons acting in concert or participation with him" to:

> (1) not obstruct, stall, delay, or deny plaintiff's incoming and outgoing confidential legal mail and to ensure all such mail is processed within 24 hours, from time of plaintiff's request to send confidential mail and from time incoming confidential mail is received by the mail room for the plaintiff, with time period suspended for weekends and federally recognized holidays
> (2) to not obstruct, stall, delay, or deny plaintiff's requested copies and court forms when it is unnecessary to do so
> (3) to allow and provide for plaintiff to address requested legal envelopes in his own handwriting
> (4) to return all legal papers taken from plaintiff's cell on July 7, 2021, and to immediately destroy any and all copies whether physical or electronic
> (5) to not mark every piece of incoming confidential mail as 'opened,' 'taped,' or 'torn,' individuals or in any combination, unless such description is factual.
> (6) to not harbor knowledge of intentional or serious maltreatment of plaintiff or to strive to be 'deliberately ignorant' of any maltreatment of plaintiff
> (7) to not command, order, direct, or request actions, inactions, or conduct of illicit nature; whether explicit, implicit, or insinuated, toward plaintiff
> (8) for due process to be provided for in the form of a Wilson hearing and notification to the judges of plaintiff's cases, before restrictions, reductions, or suspensions of pro per rights and privileges
> (9) to not cloak unconstitutional conduct by end-runs and other deceptions
> (10)   to not retaliate in any manner against plaintiff
> (11)   to not selectively enforce jail rules to justify or legitimize arbitrary, irrational, prejudiced and biased, and otherwise illegitimate conduct, actions, inactions, and behavior, by hiding such illicit conduct, actions, inactions, and behaviors under an umbrella of assertedly legitimate, but actually illegitimate, presentation of affairs on the record
> (12)   to not permit for insubstantial costs arising from Plaintiff's criminal defense activities to obstruct, interfere with, block, delay, interrupt, undermine, or frustrate such activities

(ECF No. 12 at 2-12.) The proposed order also directs Kings County Administrative Officer Rebecca Campbell and the Kings County Board of Supervisors, as well as their "assistants, staff, personnel, employees, officers, and other persons in concert or participation with them" to:

(1) rescind, cancel, and nullify all explicit, implicit, or insinuated directives, commands, orders, instructions, or requests to the Kings County Sheriff and his assistants, officers, deputies, agents, staff, employees, personnel, and other persons acting in concert or participation with him, to retaliate against Plaintiff and obstruct, impair, interfere with, frustrate, and stall against Plaintiff's legal activities.
(2) to conduct a proper and unbiased forensic audit and interpretation of the Kings County Sheriff's Office budget for the jail, and to forensically assess such budget and sub-budgetary accounts, funds, pools, items, and reserves held under the Sheriff's control, to evaluate and review the status and history and projection of such financial budgetary areas to ensure future ability to account for constitutionally necessary finances to support detained individuals' necessary expenses in pursuit of criminal and civil legal activities
(3) to not hold investigatory activity designed, planned, prepared, and activated to unlawfully jeopardize, interpose into, undercut, undermine, interfere with, interrupt, obstruct, block, delay, or deny plaintiff's legal activities

(*Id.* at 4.)

## II.  LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III.   ANALYSIS

The Court will recommend that Plaintiff's motion be denied.

First, the Court cannot order an injunction until after the party at whom the injunction is directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Because no defendant has been served yet, the Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See Nike, Inc.*, 379 F.3d at 580. Plaintiff's declaration in support of the motion is conclusory and merely restates the arguments in the motion. Plaintiff also submits a request for judicial notice but has not submitted any of the documents listed in the request. Many of the documents appear to be jail policies, memoranda, and other internal documents that are not part of the public record. Plaintiff has not explained why taking judicial notice of any of these documents is appropriate. *See* Fed. R. Evid. 201(c)(2) (providing that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information). Additionally, Plaintiff's institution of confinement has presented evidence that Plaintiff has the ability to send

legal mail and that the current limitations on Plaintiff's access to legal materials are based on legitimate concerns regarding safety and security of the institution.

Third, Plaintiff has not shown that his request "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Much of the relief Plaintiff requests in his motion is extremely broad and vague, and it is not clear how, if at all, it is related to the allegations in the complaint. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Fourth, Plaintiff has not established that he would suffer irreparable harm without preliminary relief. Although Plaintiff concludes that his Sixth Amendment rights will be harmed without relief and the injunction will "absolutely redress injury to plaintiff," these arguments are conclusory and speculative. (*See* ECF Nos. 3, 9.) *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents . . . fail to show that plaintiff . . . faces imminent harm.").

Therefore, the Court will recommend that the motion be denied.

**IV.     CONCLUSION AND RECOMMENDATIONS**

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF Nos. 3, 12) be denied.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2022**                         /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

9