UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SETH HARPER,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID ROBINSON, et al.,<br><br>  Defendants. | Case No.: 1:21-cv-1364 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Docs. 3, 12, 21) |

Plaintiff filed a motion requesting injunctive relief. (Doc. 3.) The assigned magistrate judge entered an order requesting that the Kings County Sheriff's Office respond to Plaintiff's motion. (Doc. 6.) The Kings County Sheriff's Office filed an opposition to the motion on October 6, 2021 (Doc. 8), to which Plaintiff filed a reply (Doc. 9). On November 22, 2021, Plaintiff also filed a document titled "[proposed] TRO/preliminary injunction" requesting slightly different relief than the prior motion. (Doc. 12.)

On March 16, 2022, the magistrate judge determined injunctive relief was procedurally improper, because no defendant has been served yet in this action. (Doc. 21 at 7, citing *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007).) In addition, the magistrate judge found "Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor." (*Id.* at 7.) The magistrate judge determined the request for injunctive relief was also deficient

1

because "[m]uch of the relief Plaintiff requests in his motion is extremely broad and vague, and it is not clear how, if at all, it is related to the allegations in the complaint." (*Id.* at 8.) Finally, the magistrate judge found Plaintiff did not show "he would suffer irreparable harm without preliminary relief." (*Id.*) Thus, the magistrate judge recommended the requests for injunctive relief be denied. (*Id.*)

The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days from the date of service. (Doc. 21 at 8.) Plaintiff was "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 9, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) To date, no objections have been filed and the time in which to do so has passed.[1]

According to the provisions of 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated March 16, 2022 (Doc. 21) are adopted in full.
2. Plaintiff's motions for injunctive relief (Docs. 3 and 12) are denied.

IT IS SO ORDERED.

Dated:   **April 29, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a new motion for a temporary restraining order and preliminary injunction on April 6, 2021 (Doc. 22), after the deadline for objections. The Court declines to construe the document as "objections" because Plaintiff includes new requests and does not address the findings of the magistrate judge. Therefore, the Court will address the new motion separately, as soon as is practicable in light of its heavy caseload.

2