UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN SETH HARPER,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID ROBINSON, et al.,<br><br>　　　　　　　　Defendants. | Case No. 1:21-cv-01364-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 22)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Johnathan Seth Harper ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. (ECF No. 22.) For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**I.　　BACKGROUND**

**Plaintiff's First Motion**

On September 13, 2021, Plaintiff filed his first motion requesting a temporary restraining order and injunction. (ECF Nos. 3, 12.) Plaintiff's motion requested various relief, including an order requiring jail officials to reverse their new legal mail policy and return legal papers confiscated during a search. (*Id.*) The Court entered an order on September 15, 2021, requesting that the Kings County Sheriff's Office respond to Plaintiff's motion. (ECF No. 6.)

1

On October 6, 2021, the Kings County Sheriff's Office filed an opposition to the motion. (ECF No. 8.) Plaintiff filed a reply on October 21, 2021. (ECF No. 9.)

On March 16, 2022, the Court entered findings and recommendations recommending that the motion for injunctive relief be denied. (ECF No. 21.) The Court reasoned that no defendant had been served, Plaintiff had not shown a likelihood of success on the merits or that his request was "narrowly drawn," and Plaintiff failed to establish that he would suffer irreparable harm without preliminary relief. (*Id.*) On May 2, 2022, District Judge Jennifer L. Thurston entered an order adopting the findings and recommendations in full. (ECF No. 23.)

**Plaintiff's Second Motion**

On April 6, 2022, Plaintiff filed a second motion requesting a temporary restraining order and preliminary injunction. (ECF No. 22.) Plaintiff's motion requests the following relief:

> To issue a Temporary Restraining Order to prohibit defendant David Robinson and his deputies, officers, agents, staff, personnel, attorney's and others in active concert and participation with him from:
> (1) using physical violence on plaintiff without reasonable necessity
> (2) opening plaintiff's 'legal mail' after it has been properly processed and sealed for mailing out
> . . .
> (3) provide Plaintiff legitimate and usable access to law library
> (4) provide Plaintiff with legal supplies and services
> (5) provide Plaintiff with opportunity to shower in accordance to policy of jail for inmates on disciplinary status
> (6) provide Plaintiff at least 2 hours of out-of-cell exercise time a week after 4 consecutive weeks on disciplinary status on 'lockdown'

(ECF No. 22 at 1-2.) Plaintiff also requests a preliminary injunction providing the same relief as well as a prohibition on "issuing write-ups to plaintiff on illegitimate basis, or that are otherwise arbitrary, irrational, and pretextual." (*Id.* at 2-4.)

According to the motion, Plaintiff is "under threat of imminent physical violence." (ECF No. 22 at 5.) Deputies at the Kings County Jail are opening Plaintiff's outgoing "legal mail" after it is processed and sealed and are either noting or copying the contents. (*Id.*) The mail is then put in another envelope, sealed, addressed, and mailed. (*Id.*) Deputies fail and refuse to process "legal mail" for several days. (*Id.*) Plaintiff was successful in a Pitchess motion involving Hanford Police Department officers on February 3, 2022. (ECF No. 22 at 5.)

2

Beginning February 20, 2022, Kings County Jail deputies "manufactured" situations to justify write-ups in order to "illegitimately punish, abuse, harass, intimidate, and retaliate against Plaintiff for continuing legal activities." (*Id.*) As of February 2, 2022, Plaintiff has been unable to obtain legal supplies and has been refused "usable" access to a law library. (*Id.* at 5-6.)

Between February 20, 2022 and March 12, 2022, Plaintiff was subjected to five cell searches, when in the previous two years and two months he had only been subjected to one. (*Id.* at 6.) Thirty dollars' worth of property was stolen during a recent cell search, and they ended with Plaintiff's personal belongings flung around, including into the toilet, and some of the property was stepped on or water damaged. (ECF No. 22 at 6.) "During one cell search, Plaintiff's legal papers appeared to have been rifled through for information capture[.]" (*Id.*) On or about March 1, 2022, "Plaintiff was physically attached by being lifted right out of bed and slammed face down into the ground, with no resistance, and from which no possible reason existed for use of force[.]" (*Id.*) From February 21, 2022 through April 21, 2022, Plaintiff has been locked inside his cell for 24 hours a day except for court or medical visits. (*Id.*)

On the morning of February 24, 2022, a deputy told Plaintiff he had court and "threatened Plaintiff with subjection to physical violence for which he would be made to appear the aggressor and have 'assault on an officer' charges referred to the D.A., that he would then be placed in a 'safety cell,' and he would return later that evening to an empty cell, with all personal belongings removed, if he tried to go to court that morning." (ECF No. 22 at 6-7.) Deputies then told the judge that Plaintiff refused court. (*Id.* at 7.) The Judge ordered a cell extraction to bring Plaintiff to court by force and the deputies allowed Plaintiff to go to court without incident. (*Id.*) "Plaintiff's pro per status was revoked by the Judge and Plaintiff was not afforded an opportunity to be heard[.]" (*Id.*) This case "featured the Sheriff as complainant, in which charges for Plaintiff's possession of alcoholic beverages were referred to the district attorney for prosecution. This arose from an incident on 7.7.21 in which Sheriff personnel misconduct occurred." (*Id.*)

On March 12, 2022, "Plaintiff was assaulted by Sheriff deputies and was slammed to the ground, picked up and hit with multiple physical strikes and blows, contorted into severely

3

painful positions, beaten down, dragged, and told to get up and walk out of the cell with them under stated threat of being 'cracked across the head' and 'put in a gurney to the hospital[.]'" (ECF No. 22 at 7.) Additionally, "Plaintiff was refused medical attention after internal injury became apparent." (*Id.*) Plaintiff is only allowed to shower every four days or less, despite the written policy of inmates being allowed showers while on disciplinary status every two days and state regulations requiring a minimum of one shower every three days. (*Id.*) Plaintiff is not given recreational time outside of his cell or in the yard and has no opportunity for exercise. (*Id.*)

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

4

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that Plaintiff's motion be denied.

First, as the Court explained to Plaintiff in the findings and recommendations recommending that his first motion for injunctive relief was denied, it cannot order an injunction until after the party at whom the injunction is directed has been served. *See Zepeda*, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) ("[I]n order for the court to assert personal jurisdiction over a party-in-interest, the party must be properly served."). Because no defendant has been served yet, the Court cannot issue an injunction at this time.

Second, Plaintiff has not shown a likelihood of success on the merits or the existence of serious questions going to the merits and the balance of hardships tipping in Plaintiff's favor. *See Nike, Inc.*, 379 F.3d at 580. Plaintiff's declaration in support of the motion is conclusory and merely restates the arguments in the motion. Plaintiff does not submit any declarations, witness statements, or other evidence suggesting that the defendants in this case violated his Sixth Amendment right to prepare and present a meaningful defense in Plaintiff's criminal cases, infringed on his Fourteenth Amendment due process rights, or retaliated against him in violation of the First Amendment as alleged in the First Amended Complaint.[1]

---

[1] The Court notes that this case is still at the screening stage. On May 27, 2022, the Court entered a screening order finding that the First Amended Complaint fails to state any cognizable claims. (ECF No. 26.) Plaintiff was granted thirty days to either file a Second Amended Complaint or notify the Court that he wants to stand on his First Amended Complaint. (*Id.*)

Third, Plaintiff has not established that he would suffer irreparable harm without preliminary relief. Although Plaintiff concludes that his ability to prepare a defense would be harmed and the defendants will unlawfully punish him and retaliate against him, these arguments are conclusory and speculative. *See Perez v. Diaz,* 2019 WL 3229622, at *3 (E.D. Cal. July 18, 2019), *report and recommendation adopted,* 2019 WL 3986657 (E.D. Cal. Aug. 22, 2019) ("Generalized allegations of past incidents . . . fail to show that plaintiff . . . faces imminent harm.").

Fourth, Plaintiff has not shown that his request "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." *See* 18 U.S.C. § 3626(a)(1)(A). Much of the relief Plaintiff requests in his motion is extremely broad and vague, and it is not clear how, if at all, it is related to the allegations in the complaint. *See Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").[2]

Therefore, the Court will recommend that the motion be denied.

### IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 22) be denied.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

---

[2] The Court notes that, among other things, the motion contends that Plaintiff does not have "usable" access to the law library. Plaintiff does not provide any further detail in support of this conclusion and it is unclear what Plaintiff intends by his use of the word "usable." However, if Plaintiff is unable to comply with any court deadlines because he needs more time to access the law library or to obtain supplies, Plaintiff may request an extension supported by good cause or other appropriate relief. Any such request should describe Plaintiff's requests for law library access and any response received from the institution.

objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 1, 2022**                                    /s/ *Erica P. Grosjean*
                                                                            UNITED STATES MAGISTRATE JUDGE